The decision below is signed as a decision of the court.

Signed: April 05, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| TODD L. MACK, | ) | Case No. 07-00046 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

SUPPLEMENTAL MEMORANDUM DECISION RE MOTION TO ANNUL STAY

In addressing the motion of Bronz-Glow Technologies, Inc. ("Bronz-Glow") to annul the automatic stay in the oral ruling of last week, I fashioned a remedy of requiring the debtor to pay $20,000.00 to Bronz-Glow by April 2, 2007, or else the automatic stay would be annulled. That $20,000.00 figure represented a rough estimate of attorney's fees and costs that were or may be incurred by reason of the improper filing,[1] the lack of notice to Bronz-Glow, and the necessity of commencing anew the execution sale process (including any steps necessary to permit

---

[1] Attorney's fees that were intended to be covered include the attorney's fees incurred in pursuing a dismissal of the improper filing as a prelude to seeking annulment of the automatic stay, in pursuing the motion to annul, and in pursuing a sale anew of the subject real property (that is, the real property that was sold in a postpetition execution sale without knowledge of the bankruptcy case).

the execution sale to go forward). Bronz-Glow has filed a proposed order purporting to reflect the court's ruling. That proposed order is consistent with the court's oral ruling except that it proposes a treatment of the $20,000.00 upon receipt that the court did not articulate, and the proposed order has triggered an objection by the debtor to that proposed treatment. The debtor, however, has not objected to the remaining terms of the order. The court has two observations regarding the treatment of the $20,000.00.

First, the $20,000.00 should be applied to amounts actually incurred postpetition with respect to the motion to dismiss, the motion to annul, and the pursuit of a sale of the real property at issue anew. Bronz-Glow ought not be permitted to pursue a judgment for such amounts to the extent that the $20,000.00 suffices to pay such amounts.

Second, Bronz-Glow's fees and expenses incurred in seeking annulment of the automatic stay and in pursuing anew a sale of the subject real property may not actually reach $20,000.00. To the extent that Bronz-Glow has not and does not incur $20,000.00 in postpetition collection expenses (including attorney's fees) relating to the motion to dismiss, the motion to annul, and efforts to sell the subject real property anew, the excess above such postpetition collection expenses should be credited to the prepetition judgment and interest thereon or refunded to the

debtor.  However, so long as the judgment remains unpaid and the subject real property has not been sold, Bronz-Glow is entitled to retain the entire $20,000.00 as a reserve against postpetition collection costs relating to the motion to dismiss, the motion to annul, and efforts to sell the subject real property anew.

After the debtor filed the opposition to the language of the proposed order dealing with the treatment of the $20,000.00 once received, Bronz-Glow filed an affidavit of its president reciting that the $20,000.00 payment was not timely received.  The court clearly announced at last week's hearing that the stay was to be annulled if a $20,000.00 payment was not received by Bronz-Glow by April 2, 2007, and the belated entry of the court's order after the deadline of April 2, 2007, is not a basis for revising that ruling.  That is to say, the debtor had clear and unmistakable warning that he was to pay $20,000.00 by April 2, 2007, if the stay was not to be annulled.  Moreover, the debtor did not object to the part of the proposed order embodying that ruling.  There is no reason to revise the ruling.

In light of the affidavit reciting that the $20,000.00 payment was not timely made, this decision regarding the treatment that would be accorded the payment will be academic unless the debtor files a motion to strike the affidavit as inaccurate.  The order will be automatically stayed for ten days after entry pursuant to the terms of F.R. Bankr. P. 4001(a)(3).

Thus, annulment will not take place as of April 2, 2007, but instead will take place ten days after entry of the order. However, the order's requirement of a payment by April 2, 2007, in order to prevent such annulment from occurring is unaffected by the ten-day stay.

An order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Janet M. Nesse.